IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § § § | |
| V. | § § | CR. No. C-01-220 (1) C.A. No. C-05-373 |
| RONALD DALE HILTON, | § § | |
| Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE,
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Ronald Dale Hilton's ("Hilton") motion to vacate, set aside or correct his sentence pursuant to § 2255, which was filed by and through counsel on July 28, 2005. (D.E. 25).[1] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court DENIES Hilton's motion because it is time-barred. Additionally, the Court DENIES Hilton Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

**II. FACTS AND PROCEEDINGS**

On July 11, 2001, Hilton was charged in a two count indictment with: (1) knowingly and

---

[1] Dockets entries refer to the criminal case, C-01-cr-220.

1

intentionally possessing with intent to distribute approximately 2.324 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) ("Count One"); and (2) knowingly and intentionally possessing with intent to distribute approximately 34 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) ("Count Two"). He pleaded guilty to Count Two, pursuant to a written plea agreement, and sentencing occurred on October 16, 2001. (D.E. 16, 17, 22). The Court imposed a term of imprisonment of 135 months, to be followed by a five-year supervised release term, and also imposed a $300 fine and a $100 assessment. (D.E 22, 23). Judgment was entered on October 18, 2001. (D.E. 23). Hilton did not appeal, nor did he file any post-conviction motions until the instant motion to vacate, filed July 28, 2005.

In his motion, Hilton argues that his rights to a jury trial and to due process of law were violated when he was sentenced based upon facts that were neither submitted to a jury nor proved beyond a reasonable doubt, relying on both Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005). He argues that the rule of Blakely should be applied retroactively to him.

### III. DISCUSSION

**A.     Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[2] 28 U.S.C. § 2255. The Fifth Circuit and the

---

[2] The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000)(*per curiam*).

The period for Hilton to file a notice of appeal from the judgment against him expired ten days after the entry of judgment against him. Fed. R. App. P. 4(b). At the time that Hilton's judgment was entered, Fed. R. App. P. 26 provided that the ten-day period for appealing did *not* exclude intermediate Saturdays, Sundays and legal holidays.[3] Calculated under Rule 26 in effect at that time, then, ten days after is October 18, 2001 is October 29 2001.[4] In this case, Hilton did not appeal. His conviction therefore became final when the time for filing an appeal expired, or on October 29, 2001. Hilton's time period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year after that date, or on October 29, 2002. Hilton's motion was filed on July 28, 2005. Thus, it was filed almost three years beyond the deadline as calculated under § 2255(1), and is untimely.

Hilton argues, however, that the primary cases upon which he relies, Blakely and Booker, were only recently decided, and that those cases should be applied retroactively. His reliance on these cases does not render his motion timely, for the reasons discussed in Section III.B. infra. He does not offer any other reason or argument as to why his motion should be deemed timely. Moreover,

---

        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255.

[3] At the time final judgment was entered against Hilton, Rule 26(a)(2), Fed. R. App. P., provided that when calculating time under the Federal Rules of Appellate Procedure, a litigant should "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 7 days, unless stated in calendar days." Effective December 1, 2002, the rule reads that a litigant should "exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days." See 2002 Adv. Comm. Notes, Fed. R. App. P. 26.

[4] The ten-day period ended on Sunday, October 28, 2001. Thus, the notice of appeal was due on Monday, October 29, 2001. See Fed. R. App. P. 26(a)(3)-(4).

the record discloses no basis for equitable tolling. Accordingly, his motion is time-barred, as calculated using § 2255(1).

**B.      Timeliness of Booker claim**

Presumably, Hilton is arguing that his claim pursuant to Blakely or Booker is timely under § 2255(3). See supra note 3. This provision would render his claim timely only if these decisions applied retroactively to cases already final on direct review when it was decided. Because this Court concludes that Booker does not apply retroactively, however, his claim based on Booker is not timely.

**1.      Booker Background**

To explain the Court's conclusions regarding the retroactivity of Booker, some background regarding both Booker and its predecessor, Blakely v. Washington, 124 S. Ct. 2531 (2004), is warranted. In Blakely, the Supreme Court held that the trial court's sentencing of the state defendant violated his Sixth Amendment right to a jury trial. Specifically, the court held that Apprendi v. New Jersey, 530 U.S. 466 (2000) and other precedents preclude a judge from utilizing a fact found by him using a preponderance of the evidence standard, in order to impose more than the maximum sentence that could be imposed based solely on the facts reflected in the jury verdict or admitted by the defendant. Blakely, 124 S. Ct. at 2537-38. Blakely involved a defendant sentenced in a Washington state court pursuant to Washington's determinate sentencing scheme. See generally id.

Booker addressed Blakely's impact on the federal sentencing guidelines, which are applied in federal criminal cases. Booker consists of two majority decisions. In the first majority opinion, authored by Justice Stevens, the Court held that Blakely applied to the federal guidelines. As with the sentencing scheme at issue in Blakely, the mandatory nature of the federal sentencing guidelines implicated defendants' Sixth Amendment rights, because the guidelines can require judges to find facts

and sentence defendants to more severe sentences than could be imposed based solely on facts found by the jury or admitted in the plea colloquy. Booker, 125 S. Ct. at 750-51, 756.

In the second majority opinion, authored by Justice Breyer, the Supreme Court discussed the remedy to be applied in light of its first holding. The remedy selected by the majority of the justices was to excise certain portions of the guidelines (most notably the provision making them mandatory, 18 U.S.C. § 3553(b)(1), and a provision dealing with appeals from sentencing decisions, 18 U.S.C. § 3742(e)), but to preserve the scheme as a whole. Booker, 125 S. Ct. at 756-57. As a result, the Court's decision rendered the guidelines "effectively advisory." Id. at 757. The court held, however, that district courts are required to consider the advisory guideline sentence when sentencing within the statutory ranges set by Congress. Id.

For the reasons discussed in the next section of this Order, the Court concludes that relief under Booker is not available on collateral review to a defendant like Hilton, whose conviction became final prior to the date Booker was decided, January 12, 2005.

**2. Retroactivity Analysis**

Neither of the majority opinions states that Booker should be applied retroactively to convictions and sentences that are already final. Instead, Justice Breyer's decision concerning the proper remedy simply indicates that the Court's Booker holdings should be applied "to all cases on direct review." Booker, 125 S. Ct. at 769 (emphasis added).[5]

The Fifth Circuit has held that the Supreme Court has not made Booker retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. In re Elwood, 408 F.3d

---

[5] The Court recognizes, of course, that retroactivity was not an issue in Booker or its companion case, Fanfan, both of which came to the Supreme Court as direct criminal appeals. Thus, the quoted language arguably has no meaning as to Booker's retroactivity in collateral proceedings.

211 (5th Cir. 2005). Additionally, in the context of discussing whether a claim fell within the savings clause of § 2255, a panel of the Fifth Circuit has recently stated: "Like Apprendi, Booker's holding is not retroactively applicable to cases on collateral review." Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005). The Padilla decision does not contain any analysis or discussion as to how the court reached this conclusion. Rather, the decision simply cites to the first page of the Booker decision for authority, as well as to a case decided prior to Booker, Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002), neither of which states that Booker does not apply retroactively. Nonetheless, to the extent the opinion was intended to address the precise issue before the Court here,[6] it directs that Booker is not retroactively applicable.

Notably, the Padilla court's conclusion is consistent with every other federal circuit to have addressed the issue directly. Specifically, the Second, Third, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits have all addressed the retroactivity of Booker on initial collateral review and have concluded that Booker does not apply retroactively. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005)(concluding that Booker states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); United States v. Humphress, 398 F.3d 855 (6th Cir. 2005)(same); Varela v. United States, 400 F. 3d. 864 (11th Cir. 2005)(same); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005)(same); Lloyd v. United States, 407 F.3d 608 (3d Cir. May 17, 2005)(same); United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005)(same); Never Misses a Shot

---

[6] As noted, the Padilla court's statement was made in the context of discussing whether a defendant's claims fell within the scope of the savings clause of § 2255. In order to show that his claims fell within the savings clause, the movant had to show that he was asserting a claim of actual innocence "(1) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." Padilla, 416 F.3d at 426 (quoting Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001)). Despite its broad language, the lack of any analysis suggests that it was not intended to directly address the more complicated issue of whether Booker is retroactive on initial collateral review outside the context of whether a claim falls within § 2255's savings clause.

v. United States, 413 F.3d 781 (8th Cir. 2005)(same).

Similarly, in a post-Booker decision, the Ninth Circuit held that Blakely does not apply retroactively to convictions that became final prior to its publication. Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005). In so doing, the Schardt court utilized reasoning which would be equally applicable to Booker. See generally id.

The Court agrees with the reasoning set forth in the foregoing cases. In particular, the Court concludes that the Supreme Court's decision in Schriro v. Summerlin, 124 S. Ct. 2519 (2004), handed down the same day as Blakely, is highly pertinent to the issue of Booker and Blakely retroactivity. In Schriro, the Supreme Court was faced with determining whether its decision in Ring v. Arizona, 536 U.S. 584 (2002), could be applied retroactively on collateral review. Ring, like Blakely, applied the principles of Apprendi. In Ring, the Court held that a jury must find the aggravating facts statutorily required to impose the death penalty. In Schriro, the Court first concluded that Ring was a new rule of procedure (as opposed to a substantive rule), and noted the general principle that new rules of procedure do not apply retroactively. 124 S. Ct. at 2522-23. It then determined that the rule in Ring did not fall within any of the narrow exceptions to the general principle, as set forth in Teague v. Lane, 489 U.S. 288 (1989), including the exception for "watershed rules of criminal procedure" essential to the fairness of the proceedings. Schriro, 124 S. Ct. at 2524-25. It concluded, therefore, that "Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review." Schriro, 124 S. Ct. 2526.

This Court finds the reasoning in Schriro to be persuasive and pertinent here. Like the rule in Ring, the rule announced in Blakely (and extended to the federal guidelines in Booker) is a new rule of procedure, but does not fall within any of the Teague exceptions.

Hilton argues, however, that Schriro did not address the evidentiary standard issue in Blakely,

7

i.e., the portion of the holding that requires facts increasing a sentence to be found beyond a reasonable doubt, rather than by a simple preponderance standard. He correctly notes that Schriro is not directly on point, because it does not address that portion of the Blakely holding, but focuses instead on the identity of the factfinder.

As the Seventh and Third Circuits noted in addressing Booker's retroactivity, Hilton's argument might be a viable one if only the first majority opinion existed in Booker. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005). As these courts have noted, however, the remedy selected by the second Booker majority "held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence." McReynolds v. United States, 397 F.3d at 481; see also Lloyd, 407 F.3d at 615 ("It would be one thing if we were only dealing with Justice Stevens's opinion in Booker," but "[b]y creating an advisory federal sentencing regime, the Booker Court did not announce a new rule of criminal procedure that significantly increases the 'certitude' or 'accuracy' of the sentencing process.").

The McReynolds court further explained:

> As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a 'watershed' change that fundamentally improves the accuracy of the criminal process.

397 F.3d at 481. The Court finds the reasoning of Floyd and McReynolds on this point persuasive. Thus, Hilton's argument is unavailing, and the Court concludes that Booker is not retroactive to cases on collateral review. Because Hilton's conviction became final prior to the date Booker was decided – January 12, 2005 – he is not entitled to relief under Booker. His Booker claim and his motion are untimely. Accordingly, his motion is hereby DISMISSED.

8

**C.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Hilton has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000)(emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Hilton has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is time-barred. Accordingly, Hilton is not entitled to a COA.

## IV. CONCLUSION

For the above-stated reasons, Hilton's motion under 28 U.S.C. § 2255 (D.E. 25) is DENIED. The Court also DENIES him a Certificate of Appealability.

ORDERED this 19th day of September, 2005.

_____
Janis Graham Jack
United States District Judge